UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALBERT V. BRYAN COURTHOUSE
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| *VALERIE WALTEN*, | ) |
| Plaintiff, | ) |
| | ) |
| *v.* | ) |
| | ) |
| *ALEXANDRIA REDEVELOPMENT AND HOUSING AUTHORITY* ("*ARHA*"), | ) |
| *ANITRA ANDROH,* | ) |
| *ERIK JOHNSON,* | ) |
| *RICKIE MADDOX, and* | ) |
| *MICHELLE CHAPMAN*, | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff Ms. Walten, by her counsel, respectfully complains as follows:

### Introduction.

1) The United States Americans With Disabilities Act and Fair Housing Act require landlords to reasonably accommodate their tenants' disabilities.  The U.S. Americans With Disabilities Act and Fair Housing Act also prohibit a landlord to retaliate against a tenant who exercises her rights by registering a complaint against the landlord.  In the instant case, Plaintiff Ms. Walten registered an American With Disabilities Housing complaint against her landlord Defendant ARHA and, when Ms. Walten requested the Defendants to reasonably accommodate her disability, the Defendants retaliated by refusing her request.

## Jurisdiction and Venue.

2) Pursuant to 28 U.S.C. § 1331, United States District Courts have jurisdiction over this civil action because the action arises under United States laws, specifically the United States Americans With Disabilities Act and Fair Housing Act. Pursuant to 28 U.S.C. § 1391(b)(2), the Eastern District of Virginia, Alexandria Division, is the proper venue because a substantial part of the events or omissions giving rise to this action occurred within the Alexandria Division.

## Parties.

3) Plaintiff Ms. Walten is a resident of a residential building managed by Defendant ARHA.

4) Defendant ARHA manages several residential buildings in Alexandria, Virginia.

5) Defendant Androh is the Chairperson of the Board of Directors of ARHA and, thus, Defendant Androh is an agent of Defendant ARHA.

6) Defendant Johnson is the Chief Executive Officer of Defendant ARHA and, thus, Defendant Johnson is an agent of Defendant ARHA.

7) Defendant Maddox is the Deputy Executive Officer of Defendant ARHA and, thus, Defendant Maddox is an agent of Defendant ARHA.

8) Defendant Chapman assists in managing a residential building of Defendant ARHA and, thus, Defendant Chapman is an agent of Defendant ARHA.

**Factual Allegations.**

9) Defendant ARHA operates several residential buildings.

10) In one of Defendant ARHA's residential buildings, Defendant ARHA leases an apartment to Ms. Walten, who is disabled and who has kept 1 service dog.

11) In early July 2023, Defendant ARHA's agent Defendant Michelle Chapman illegally demanded that Ms. Walten explain, in front of other ARHA residents, Ms. Walten's disability that justifies her keeping her service dog.

12) Within a few days, on July 17, 2023, Ms. Walten registered a complaint with a governmental Department of Disability Services about Defendant ARHA's illegal demand for a public explanation.

13) In October 2024, Ms. Walten's physician, Dr. Naheed Saleem, issued a written recommendation that Ms. Walten's disability be relieved by her keeping 2 service dogs.

14) Defendant ARHA's practice is to not demand that tenants strictly comply with lease terms; Defendant ARHA's practice is to not actually prohibit individual residents to keep multiple pets; and several Defendant ARHA residents have kept multiple pets, includng 2 dogs, rabbits, and lizards.

15) On November, 24 2024, Ms. Walten, through her counsel, noted to Defendant ARHA's Chairperson, Defendant Androh, that:

> Ms. Walten registered a complaint against ARHA;
> Several ARHA residents have not been prohibited to keep 2 dogs;
> Ms. Walten's physician recommended that her disability be relieved by Ms. Walten keeping 2 service dogs;
> and, thus, Ms. Walten was requesting that ARHA authorize her to also keep 2 service dogs.

16) Later in November 2024, Defendant Androh explained Ms. Walten's November 24, 2024 communication to Defendant ARHA's Chief Executive Officer (Defendant Johnson), to Defendant ARHA's Deputy Executive Office (Defendant Maddox), and to Defendant ARHA's Manager (Defendant Chapman).

17) The Defendants are contravening their own practice of not prohibiting residents to keep 2 dogs, and the Defendants are retaliating against Ms. Walten for having complained to a governmental Department of Disability Service.

18) More specifically, although, in December 2024, Ms. Walten produced Dr. Naheed Saleem's written recommendation that Ms. Walten's disability be relieved by Ms. Walten keeping 2 service dogs, the Defendants are still refusing to reasonably accommodate Ms. Walten's disability by refusing to authorize her to keep her 2 service dogs.

## Causes of Action.

### Count One – Americans With Disabilities Act.

19) The Defendants retaliated against Ms. Walten for having registered a complaint with a governmental Department of Disability Services, and the Defendants failed to reasonably accommodate her disability by refusing to authorize her to keep 2 service dogs, in violation of the Americans With Disability Act.

### Count Two – Fair Housing Act.

20) The Defendants retaliated against Ms. Walten for having registered a housing complaint with a governmental agency, and the Defendants failed to reasonably accommodate her disability by refusing to authorize her to keep 2 service dogs in her apartment, in violation of the Fair Housing Act.

## Prayer for Relief.

WHEREFORE, Plaintiff Valerie Walten respectfully prays that this Honorable Court will hold a trial by jury and that this Court will enter judgment in her favor (and against the Defendants) for injunctive relief and for her actual damages, reasonable attorney's fees and costs, and for punitive damages.

Respectfully submitted,
Plaintiff Valerie Walten's Counsel
J. Andrew Shuniak
*/s/ J. Andrew Shuniak*
J. Andrew Shuniak, Esq.
814 Admiral Gravely Blvd
Richmond, VA 23231
(571) 201-9021
JShuniak@gmail.com
Virginia State Bar ID No.: 93770